# NO. 12-07-00146-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HERMAN D. LIGGINS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Herman D. Liggins, Jr. appeals his conviction for burglary of a building. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm as modified.

## BACKGROUND

Appellant pleaded guilty to burglary of a building. Appellant also pleaded true to two enhancement paragraphs included in the indictment. The paragraphs related to two previous felonies committed by Appellant. There was no agreement between Appellant and the State as to the appropriate punishment for the charged offense. However, the State had agreed to recommend to the trial court that Appellant's sentence run concurrently with two others, which are not addressed in this opinion, and with an additional sentence being served following a parole revocation. The trial court found Appellant guilty and assessed punishment at twenty years of imprisonment. The trial court subsequently entered a judgment that assessed such punishment, but also stated that the "SENTENCE OF CONFINEMENT [was to be] SUSPENDED [and that Appellant was to be] PLACED ON COMMUNITY SUPERVISION FOR [an undetermined period]." This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. The brief of Appellant's counsel shows that counsel diligently reviewed the appellate record and considered the applicable law and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal favoring Appellant can be predicated. In compliance with ***Anders, Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise examined the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We note, however, that the judgment entered by the trial court suspended Appellant's sentence and placed him on community supervision. *Cf.* TEX. CODE. CRIM. PROC. ANN. art. 42.12, § 3(e)(1) (Vernon Supp. 2007) ("A defendant is not eligible for community supervision under this section if the defendant . . . is sentenced to a term of imprisonment that exceeds 10 years . . . ."). The trial court's oral pronouncement of sentence did not include community supervision. Generally, when there is a conflict between the written judgment and the oral pronouncement, the oral pronouncement controls. *See **Taylor v. State***, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). We have the authority to reform a judgment to make the record speak the truth. ***Ingram v. State***, No. 12-07-00203-CR, 2008 WL 2440196, at *4 (Tex. App.–Tyler June 18, 2008, no pet. h.) (citing ***French v. State***, 830 S.W.2d 607, 609 (Tex. Crim. App .1992)). This is so even though this is an ***Anders*** case. *Cf.* ***Bray v. State***, 179 S.W.3d 725, 729-30 (Tex. App.–Fort Worth 2005, no pet.) (modifying judgment to remove an illegal condition of parole). Further, the Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of a trial court. TEX. R. APP. P. 43.2. After reviewing the entire record, it is clear that the trial court did not intend to suspend Appellant's sentence and place him on community supervision, and that this portion of the judgment

---

[1] Counsel for Appellant certified in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.

is inconsistent with the trial court's oral pronouncement.[2]  Accordingly, we modify the trial court's judgment to delete text suspending Appellant's sentence and placing him on community supervision. With this deletion, the judgment should reflect that Appellant was sentenced to twenty years of imprisonment.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted.***  The trial court's judgment is ***affirmed*** as ***modified***.

Opinion delivered June 25, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] The docket sheet contains no entry for any sentencing proceedings subsequent to the oral pronouncement of sentence, which made no reference to probation.  Further, the trial court's remarks at the sentencing hearing make clear that the trial court sought to impose the maximum penalty allowed by law.  The trial court's intent was predicated on the trial court's determination that Appellant constituted an habitual offender who was beyond rehabilitation.

3