NO. 12-07-00146-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



HERMAN D. LIGGINS, JR.,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS





MEMORANDUM OPINION


PER CURIAM


 Herman D. Liggins, Jr. appeals his conviction for burglary of a building. Appellant's counsel
filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493
(1967), and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm as modified.


Background

 Appellant pleaded guilty to burglary of a building. Appellant also pleaded true to two
enhancement paragraphs included in the indictment. The paragraphs related to two previous felonies
committed by Appellant. There was no agreement between Appellant and the State as to the
appropriate punishment for the charged offense. However, the State had agreed to recommend to
the trial court that Appellant's sentence run concurrently with two others, which are not addressed
in this opinion, and with an additional sentence being served following a parole revocation. The trial
court found Appellant guilty and assessed punishment at twenty years of imprisonment. The trial
court subsequently entered a judgment that assessed such punishment, but also stated that the
"SENTENCE OF CONFINEMENT [was to be] SUSPENDED [and that Appellant was to be]
PLACED ON COMMUNITY SUPERVISION FOR [an undetermined period]." This appeal
followed.

Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders v. California and Gainous v.
State. The brief of Appellant's counsel shows that counsel diligently reviewed the appellate record
and considered the applicable law and is of the opinion that the record reflects no reversible error
and that there is no error upon which an appeal favoring Appellant can be predicated. In compliance
with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's
brief presents a chronological summation of the procedural history of the case and further states that
Appellant's counsel is unable to raise any arguable issues for appeal. (1) We have likewise examined
the record for reversible error and have found none. See Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005).

 We note, however, that the judgment entered by the trial court suspended Appellant's
sentence and placed him on community supervision. Cf. Tex. Code. Crim. Proc. Ann. art. 42.12,
§ 3(e)(1) (Vernon Supp. 2007) ("A defendant is not eligible for community supervision under this
section if the defendant . . . is sentenced to a term of imprisonment that exceeds 10 years . . . ."). The
trial court's oral pronouncement of sentence did not include community supervision. Generally,
when there is a conflict between the written judgment and the oral pronouncement, the oral
pronouncement controls. See Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). We
have the authority to reform a judgment to make the record speak the truth. Ingram v. State, No.
12-07-00203-CR, 2008 WL 2440196, at *4 (Tex. App.-Tyler June 18, 2008, no pet. h.) (citing
French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App .1992)). This is so even though this is an
Anders case. Cf. Bray v. State, 179 S.W.3d 725, 729-30 (Tex. App.-Fort Worth 2005, no pet.)
(modifying judgment to remove an illegal condition of parole). Further, the Texas Rules of
Appellate Procedure expressly authorize us to modify the judgment of a trial court. Tex. R. App. P.
43.2. After reviewing the entire record, it is clear that the trial court did not intend to suspend
Appellant's sentence and place him on community supervision, and that this portion of the judgment
is inconsistent with the trial court's oral pronouncement. (2) Accordingly, we modify the trial court's
judgment to delete text suspending Appellant's sentence and placing him on community supervision. 
With this deletion, the judgment should reflect that Appellant was sentenced to twenty years of
imprisonment. 


Conclusion

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits.
Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw
is hereby granted. The trial court's judgment is affirmed as modified.

Opinion delivered June 25, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.




















(DO NOT PUBLISH)
1. Counsel for Appellant certified in his motion to withdraw that he provided Appellant with a copy of this
brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and
we have received no pro se brief.
2. The docket sheet contains no entry for any sentencing proceedings subsequent to the oral pronouncement
of sentence, which made no reference to probation. Further, the trial court's remarks at the sentencing hearing make
clear that the trial court sought to impose the maximum penalty allowed by law. The trial court's intent was
predicated on the trial court's determination that Appellant constituted an habitual offender who was beyond
rehabilitation.