NO.
12-11-00035-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

PEYTON
GLENN NIX,                                    §                 APPEAL FROM THE
114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

     Peyton
Glenn Nix appeals his conviction for felony possession of a controlled
substance. In his sole issue on appeal, Appellant argues that the trial court’s
judgment should be reformed to accurately reflect the proceedings below. We
modify the judgment and affirm as modified.

 

Background

On
June 11, 2010, Appellant was arrested for the offense of possession of a
controlled substance, namely methamphetamine.  Based on the amount of
methamphetamine in Appellant’s possession at the time of his arrest, the
offense was a third degree felony.[1]
 On September
29, 2010, Appellant was indicted for the offense, and along with an enhancement
from a prior felony conviction for assault on a public servant, the punishment
range was elevated to the range for a second degree felony, two years to twenty
years of imprisonment.[2]  Appellant executed a
“Stipulation of Evidence” in which he stipulated to the necessary facts
establishing his guilt, subsequently pleaded guilty to the charged offense, and
pleaded “true” to the enhancement allegation.  The trial court found him guilty,
held a punishment hearing, and sentenced Appellant to ten years of
imprisonment.  This appeal followed.

 

Judgment

            Appellant
asks that we reform the trial court’s judgment to accurately reflect the
proceedings at trial.  The State has joined Appellant in this request. 

During
the trial court’s punishment hearing, the trial court stated as follows:

 

The Court also
orders that – the Court finds that drugs – the use of drugs or alcohol
contributed to the commission of this offense.  The Court recommends drug and
alcohol treatment in the penitentiary. 

 

 

However,
the trial court’s written judgment does not reflect the recommendation that it
made in its oral rendition of judgment that Appellant be placed in a treatment
program.

A
defendant’s sentence must be pronounced orally in his presence.  Tex. Code Crim. Proc. Ann. art. 42.03,
§ 1(a) (Vernon Supp. 2010).  The judgment, including the sentence assessed, is
merely the written declaration and embodiment of that oral pronouncement.  Taylor
v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  When there is a
conflict between the oral pronouncement of sentence and the sentence in the
written judgment, the oral pronouncement generally controls.  Id.;
Ex parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). 
Further, when it has the necessary information before it, an appellate court
may correct a trial court’s written judgment to reflect its oral pronouncement
so that the record speaks the truth.  Thompson v. State, 108
S.W.3d 287, 290 (Tex. Crim. App. 2003); Ingram v. State, 261
S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.).  The Texas Rules of Appellate
Procedure expressly authorize us to modify the judgment of the trial court.  Tex. R. App. P. 43.2.

Under
the circumstances presented in this case, the record is clear that the trial
court found that drugs or alcohol contributed to the commission of the offense
and recommended that Appellant complete drug and alcohol treatment while
serving his sentence.  Therefore, we sustain Appellant’s sole issue.

 

Disposition

We
have sustained Appellant’s sole issue. Accordingly, we modify the
trial court’s judgment to reflect that the trial court found that drugs or
alcohol contributed to the commission of the offense and recommended treatment
while Appellant is incarcerated.  As modified, we affirm
the judgment of the trial court.

 

                                                                                    James T. Worthen

                                                                                        
Chief Justice

 

 

 

Opinion
delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 

 









[1]
See Tex. Health & Safety Code
Ann. §§ 481.102(6), 481.115(a), (c) (Vernon 2010).

 





[2] See Tex. Penal Code Ann. § 12.42(a)(3)
(Vernon 2011) (enhancement of third degree felonies to second degree felony
punishment range for a prior felony conviction).