# NO. 12-11-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PEYTON GLENN NIX,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Peyton Glenn Nix appeals his conviction for felony possession of a controlled substance. In his sole issue on appeal, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

### BACKGROUND

On June 11, 2010, Appellant was arrested for the offense of possession of a controlled substance, namely methamphetamine. Based on the amount of methamphetamine in Appellant's possession at the time of his arrest, the offense was a third degree felony.[1] On September 29, 2010, Appellant was indicted for the offense, and along with an enhancement from a prior felony conviction for assault on a public servant, the punishment range was elevated to the range for a second degree felony, two years to twenty years of imprisonment.[2] Appellant executed a "Stipulation of Evidence" in which he stipulated to the necessary facts establishing his guilt, subsequently pleaded guilty to the charged offense, and pleaded "true" to the enhancement

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (c) (Vernon 2010).

[2] *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon 2011) (enhancement of third degree felonies to second degree felony punishment range for a prior felony conviction).

allegation.   The trial court found him guilty, held a punishment hearing, and sentenced Appellant to ten years of imprisonment.   This appeal followed.

## JUDGMENT

Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial.   The State has joined Appellant in this request.

During the trial court's punishment hearing, the trial court stated as follows:

> The Court also orders that – the Court finds that drugs – the use of drugs or alcohol contributed to the commission of this offense.   The Court recommends drug and alcohol treatment in the penitentiary.

However, the trial court's written judgment does not reflect the recommendation that it made in its oral rendition of judgment that Appellant be placed in a treatment program.

A defendant's sentence must be pronounced orally in his presence.   TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp. 2010).   The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement.   *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).   When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement generally controls.   *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Further, when it has the necessary information before it, an appellate court may correct a trial court's written judgment to reflect its oral pronouncement so that the record speaks the truth. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.).   The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court.   TEX. R. APP. P. 43.2.

Under the circumstances presented in this case, the record is clear that the trial court found that drugs or alcohol contributed to the commission of the offense and recommended that Appellant complete drug and alcohol treatment while serving his sentence.   Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We have sustained Appellant's sole issue. Accordingly, we *modify* the trial court's

judgment to reflect that the trial court found that drugs or alcohol contributed to the commission of the offense and recommended treatment while Appellant is incarcerated.   As *modified*, we *affirm* the judgment of the trial court.

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)