NO.
12-11-00124-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JAMES
NETHERLAND,                                  §                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

     James
Netherland appeals his conviction for delivery of a controlled substance in a
drug free zone.  In his sole issue on appeal, Appellant argues that the trial
court’s judgment should be reformed to accurately reflect the proceedings
below.  We modify the judgment and affirm as modified.

Background

In
2010, Appellant was arrested and indicted for the offense of delivery of a
controlled substance in a drug free zone, a second degree felony as charged.[1]
  Specifically,
Appellant sold methamphetamine to an undercover police officer in a school zone
at Hogg Middle School in Tyler, Texas.  In March 2011, Appellant executed a
“Stipulation of Evidence” in which he stipulated to the necessary facts
establishing his guilt and also made an open plea of “guilty” to the trial
court.  After finding Appellant guilty of the charged offense, the trial court
held a punishment hearing in April 2011 and sentenced Appellant to ten years of
imprisonment.  This appeal followed.

 

Judgment

            Appellant
asks that we reform the trial court’s judgment to accurately reflect the
proceedings at trial.  The State has joined Appellant in this request. 

During
the trial court’s punishment hearing, the trial court stated as follows:

 

The Court’s not
going to assess a maximum sentence. I think 10 years is adequate for purposes
of what I hope will happen. I will make an affirmative finding that you would
benefit from drug treatment. . . . The court’s not going to assess a fine.

 

However,
the trial court’s written judgment does not reflect the recommendation that it
made in its oral rendition of judgment that Appellant be placed in a treatment
program.

A
defendant’s sentence must be pronounced orally in his presence.  Tex. Code Crim. Proc. Ann. art. 42.03,
§ 1(a) (Vernon Supp. 2010).  The judgment, including the sentence assessed, is
merely the written declaration and embodiment of that oral pronouncement.  Taylor
v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  When there is a
conflict between the oral pronouncement of sentence and the sentence in the
written judgment, the oral pronouncement generally controls.  Id.;
Ex parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). 
Further, when it has the necessary information before it, an appellate court
may correct a trial court’s written judgment to reflect its oral pronouncement
so that the record speaks the truth.  Thompson v. State, 108
S.W.3d 287, 290 (Tex. Crim. App. 2003); Ingram v. State, 261
S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.).  The Texas Rules of Appellate
Procedure expressly authorize us to modify the judgment of the trial court.  Tex. R. App. P. 43.2.

Under
the circumstances presented in this case, the record is clear that the trial
court recommended that Appellant complete drug treatment while serving his
sentence.  Therefore, we sustain Appellant’s sole issue.

 

Disposition

We
have sustained Appellant’s sole issue. Accordingly, we modify the
trial court’s judgment to reflect that the trial court recommended drug
treatment while Appellant is incarcerated.  As modified, we affirm
the judgment of the trial court.

 

                                                                                    Sam Griffith

                                                                                       
  Justice

 

Opinion
delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)









[1]
See Tex. Health & Safety Code
Ann. §§ 481.102(6), 481.112(c), 481.134(c) (Vernon 2010).