# NO. 12-11-00126-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON COLE WILLIAMS, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Brandon Cole Williams appeals his conviction for burglary of a habitation. In his sole issue on appeal, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

### BACKGROUND

In February 2009, Appellant was indicted for the felony offense of burglary of a habitation. Pursuant to a negotiated plea agreement, Appellant pleaded guilty and was placed on deferred adjudication community supervision for five years.

In February 2011, the State filed an "Application to Proceed to Final Adjudication" alleging that Appellant violated the terms and conditions of his community supervision. Although the State originally alleged ten violations, it abandoned two of those allegations at the hearing on the application. Appellant then pleaded "true" to the remaining eight allegations. The State, joined by the Appellant, recommended a sentence of twelve years of imprisonment. The trial court agreed and sentenced Appellant to twelve years of imprisonment. This appeal followed.

Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial. The State has joined Appellant in this request.

We have the authority to reform a judgment to make the record speak the truth. ***Thompson v. State***, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

The indictment alleged that "[o]n or about the 1st day of February, 2009, . . . [Appellant] did then and there intentionally or knowingly enter a habitation, without the effective consent of [the victim], the owner thereof, and attempted to commit or committed an assault against [the victim]." As charged, this offense is a second degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2). It was not shown that the assault that Appellant committed or intended to commit during the course of the burglary was a felony. *See **id.*** §§ 22.01(b) (assaults under Section 22.01(a)(1) are ordinarily Class A misdemeanors unless enhancements not applicable here are alleged and proved), 30.02(d) (burglary of a habitation elevated to first degree felony if intend or attempt to commit or actually commit felony other than felony theft). Nor does the State argue that the assault was anything other than misdemeanor assault.

However, prior to being placed on deferred adjudication, Appellant signed an "Acknowledgement of Admonishments," which listed the offense as a first degree felony. Moreover, the "Order of Deferred Adjudication" identified the offense as a first degree felony, and also listed the plea and finding of "true" to an enhancement paragraph, even though there was no enhancement allegation in the indictment. The judgment the trial court signed after adjudicating Appellant's guilt also lists Appellant's offense as a first degree felony, but does not mention any enhancement.

Based on the record before us, it is clear that Appellant was charged only with the second degree felony offense of burglary of a habitation. When, as here, we have all the necessary information before us to correct a typographical or clerical error in the judgment, we have the authority to modify the judgment so that it speaks the truth. *See **French v. State***, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also **Morrow v. State***, No. 06-10-00125-CR, 2011 WL 882839, at *5 (Tex. App.—Texarkana Mar. 15, 2011, no pet. h.) (mem. op., not designated for publication) (analyzing similar issue and holding that court could modify judgment to show that defendant was

guilty of second degree felony of burglary of a habitation with intent to commit misdemeanor assault, not first degree felony burglary of a habitation); ***Peek v. State***, No. 06-08-00069-CR, 2008 WL 5090344, at *1-2 (Tex. App.—Texarkana Dec. 4, 2008, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect correct degree of offense). Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We have sustained Appellant's sole issue. Accordingly, we ***modify*** the trial court's judgment to reflect that Appellant was convicted of a second degree felony, not a first degree felony. As ***modified***, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)