NO.
12-11-00126-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

BRANDON
COLE WILLIAMS,                       §                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Brandon
Cole Williams appeals his conviction for burglary of a habitation.  In his sole
issue on appeal, Appellant argues that the trial court’s judgment should be
reformed to accurately reflect the proceedings below.  We modify the judgment
and affirm as modified.

 

Background

In
February 2009, Appellant was indicted for the felony offense of burglary of a
habitation.  Pursuant to a negotiated plea agreement, Appellant pleaded guilty
and was placed on deferred adjudication community supervision for five years.

In
February 2011, the State filed an “Application to Proceed to Final
Adjudication” alleging that Appellant violated the terms and conditions of his
community supervision.  Although the State originally alleged ten violations,
it abandoned two of those allegations at the hearing on the application.
Appellant then pleaded “true” to the remaining eight allegations.  The State,
joined by the Appellant, recommended a sentence of twelve years of
imprisonment.  The trial court agreed and sentenced Appellant to twelve years
of imprisonment.  This appeal followed. 

 

Judgment

            Appellant
asks that we reform the trial court’s judgment to accurately reflect the
proceedings at trial.  The State has joined Appellant in this request. 

We
have the authority to reform a judgment to make the record speak the truth. 
Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Ingram
v. State, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.).  The
Texas Rules of Appellate Procedure expressly authorize us to modify the
judgment of the trial court.  Tex. R.
App. P. 43.2.

The
indictment alleged that “[o]n or about the 1st day of February,
2009, . . . [Appellant] did then and there intentionally or knowingly enter a
habitation, without the effective consent of [the victim], the owner thereof,
and attempted to commit or committed an assault against [the victim].”  As
charged, this offense is a second degree felony.  See Tex. Penal Code Ann. § 30.02(c)(2).  It
was not shown that the assault that Appellant committed or intended to commit
during the course of the burglary was a felony.  See id. §§
22.01(b) (assaults under Section 22.01(a)(1) are ordinarily Class A
misdemeanors unless enhancements not applicable here are alleged and proved),
30.02(d) (burglary of a habitation elevated to first degree felony if intend or
attempt to commit or actually commit felony other than felony theft).  Nor does
the State argue that the assault was anything other than misdemeanor assault.  

However,
prior to being placed on deferred adjudication, Appellant signed an
“Acknowledgement of Admonishments,” which listed the offense as a first degree
felony.  Moreover, the “Order of Deferred Adjudication” identified the offense
as a first degree felony, and also listed the plea and finding of “true” to an
enhancement paragraph, even though there was no enhancement allegation in the
indictment.  The judgment the trial court signed after adjudicating Appellant’s
guilt also lists Appellant’s offense as a first degree felony, but does not
mention any enhancement.

Based
on the record before us, it is clear that Appellant was charged only with the
second degree felony offense of burglary of a habitation.  When, as here, we
have all the necessary information before us to correct a typographical or
clerical error in the judgment, we have the authority to modify the judgment so
that it speaks the truth.  See French v. State, 830 S.W.2d 607,
609 (Tex. Crim. App. 1992); see also Morrow v. State, No.
06-10-00125-CR, 2011 WL 882839, at *5 (Tex. App.—Texarkana Mar. 15, 2011, no
pet. h.) (mem. op., not designated for publication) (analyzing similar issue
and holding that court could modify judgment to show that defendant was guilty
of second degree felony of burglary of a habitation with intent to commit
misdemeanor assault, not first degree felony burglary of a habitation); Peek
v. State, No. 06-08-00069-CR, 2008 WL 5090344, at *1-2 (Tex.
App.—Texarkana Dec. 4, 2008, no pet.) (mem. op., not designated for
publication) (reforming judgment to reflect correct degree of offense).
Therefore, we sustain Appellant’s sole issue.

 

Disposition

We
have sustained Appellant’s sole issue. Accordingly, we modify the
trial court’s judgment to reflect that Appellant was convicted of a second
degree felony, not a first degree felony.  As modified, we affirm
the judgment of the trial court.

 

                                                                                                Brian Hoyle

                                                                                                     
Justice

 

 

 

 

Opinion delivered August 10,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)