# NO. 12-14-00287-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDEE MICHELLE NICHOLS, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brandee Michelle Nichols appeals her conviction for possession of less than one gram of methamphetamine. In two issues, Appellant argues that the trial court erred in denying her motion to suppress evidence. We modify the judgment and affirm as modified.

## BACKGROUND

Texas Department of Public Safety (DPS) Trooper Cody Shepherd was on patrol when he encountered a vehicle traveling on the roadway in the opposite direction with its high beam lights illuminated. Because the driver did not change to her low beam headlights as she approached, Shepherd determined that she had committed a traffic violation and initiated a traffic stop.

Appellant was the driver of the vehicle. She claimed that her low beam headlights were, in fact, illuminated, but were brighter than most vehicles' lights. Shepherd allowed her to demonstrate the difference between headlight settings and, nonetheless, determined that Appellant passed him with her high beam headlights illuminated.

When Appellant first lowered her window, Shepherd smelled the strong odor of an alcoholic beverage. He also noticed that Appellant was slurring her words. Shepherd asked Appellant to exit the vehicle. As she did so, Shepherd noticed that Appellant was a bit unsteady

on her feet and asked her if she had been drinking. Appellant responded that she had consumed two beers. As a result, Shepherd initiated field sobriety tests. In two of the three tests, Appellant showed signs that she was intoxicated.

Shepherd next asked Appellant to blow into a portable breathalyzer. Appellant asked if she could have an attorney present. Shepherd responded that she did not have to blow into the portable breathalyzer if she preferred to wait for an attorney. Appellant elected not to provide a breath sample.

Shepherd asked Appellant if she felt intoxicated. She indicated that she did not, but rather, that she felt tipsy. She also indicated that on an intoxication scale of one to ten, she rated her level as a four or five. Ultimately, Shepherd determined that Appellant was intoxicated and arrested her for driving under the influence.

There were two passengers in Appellant's vehicle. Shepherd inquired whether either of them were capable of driving the vehicle. Each passenger declined. Shepherd further inquired whether Appellant could have someone else drive the vehicle. But it was determined that there was not anyone who could retrieve the vehicle in a timely manner. As a result, Shepherd contacted a wrecker to impound it.

Pursuant to DPS policy, Shepherd commenced an inventory search of Appellant's vehicle. During his search, Shepherd retrieved Appellant's purse, inside of which he discovered a pipe typically used to ingest or smoke illegal narcotics.

Shepherd confronted Appellant about his discovery and asked if he was going to find anything else in the vehicle. Shepherd told Appellant that if she was honest with him, they could "work something out." But he warned her that if she tried to hide something and he later found it, her situation would "be worse" and she would "have big problems." In response, Appellant told Shepherd she had methamphetamine in the vehicle. Shepherd continued his search and eventually found the methamphetamine.

Appellant was charged by indictment with possession of less than one gram of methamphetamine. The State further alleged that Appellant previously had been convicted of two state jail felony convictions, thereby enhancing the punishment range to that of a third degree felony.[1]

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(b) (West 2010); TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2014).

Appellant filed a motion to suppress, arguing that (1) the traffic stop was improper because Shepherd did not have reasonable suspicion that Appellant had committed a traffic offense, (2) her arrest for driving under the influence was improper because Shepherd lacked probable cause, and (3) the methamphetamine was discovered only after Shepherd improperly coerced or induced Appellant to disclose its presence in the vehicle. Following a hearing on Appellant's motion, the trial court overruled it. Pursuant to Appellant's request, the trial court subsequently made written findings of fact and conclusions of law.

Thereafter, Appellant pleaded "guilty" as charged. The matter proceeded to a bench trial on punishment, at which Appellant pleaded "true" to the enhancement allegations in the indictment. Ultimately, the trial court sentenced Appellant to imprisonment for five years, and this appeal followed.

## MOTION TO SUPPRESS

In its findings of fact and conclusions of law, the trial court determined that Shepherd's discovery of Appellant's methamphetamine was the result of a proper search by virtue of (1) his taking an inventory of the vehicle's contents, (2) the automobile exception to the warrant requirement, or (3) probable cause based on the discovery of the pipe used for smoking illegal narcotics. In her first and second issues, Appellant argues that the trial court erred in denying her motion because (1) the traffic stop was illegal because Shepherd lacked probable cause to stop her and (2) the discovery of the methamphetamine was induced by Shepherd's promises and threats.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When ruling on a motion to suppress evidence, the trial court is the exclusive trier of fact

and judge of the witnesses' credibility. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Moreover, if, as here, the trial judge makes express findings of fact, we view the evidence in the light most favorable to the trial judge's ruling and determine whether the evidence supports those factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When there is not an express finding on an issue, we infer implicit findings of fact that support the trial court's ruling as long as those findings are supported by the record. *See id*.

The prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). We review the trial court's legal conclusions de novo and uphold the ruling so long as it is supported by the record and correct under any legal theory applicable to the case. *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); *Banda v. State*, 317 S.W.3d 907, 907–08 (Tex. App.–Houston [14th Dist.] 2010, no pet.).

**Legality of the Traffic Stop**

A police officer may stop and detain a motorist who commits a traffic violation within the officer's view. *See Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, an officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416–17, 110 L. Ed. 2d 301 (1990); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

A driver approaching another vehicle must utilize the lowermost distribution of light or composite beam. *See* TEX. TRANSP. CODE ANN. § 547.333(c)(1) (West 2011). Appellant argues that Shepherd's traffic stop was invalid because her headlights were not set to high beam, and thus, she did not commit a traffic offense. A video recording of the traffic stop was introduced into evidence. In the video, Appellant asserted that her low beams, not high beams, were illuminated. Shepherd can be heard agreeing with Appellant's assertion. But at the hearing on the motion to suppress, Shepherd testified that he was one hundred percent certain that

Appellant's high beam lights were illuminated when she passed him. Shepherd further explained that he agreed with Appellant as a method of diffusing a potential argument and he believed that Appellant thought she had her low beams illuminated even though, in fact, she did not.

The question of whether Appellant's lights were set to high beam can be resolved by an assessment of whether Shepherd's testimony was credible. We defer to the trial court's assessment of the facts before it. We further note that the trial court's determination that Appellant committed a traffic violation is reasonable in light of the evidence before it. Accordingly, we hold that the trial court did not abuse its discretion in concluding that the traffic stop was legal. Appellant's first issue is overruled.

## Discovery of Contraband Induced by Promises and Threats

We next consider Appellant's contention that the search was improper because Shepherd's promises coerced or induced Appellant to disclose that methamphetamine was present in the vehicle. The trial court construed Appellant's argument to be that Appellant's "statement as to the location of the methamphetamine was coerced or induced and that her desire to remain silent was overcome by [Shepherd's] promise." The trial court noted that, as a result, Appellant sought to suppress both her statement concerning the presence of contraband as well as the contraband discovered because of her statement. On appeal, Appellant defines the crux of her argument to be that any implied consent to search for the methamphetamine was involuntary because Shepherd obtained Appellant's consent through promises and threats.

### *Preservation of Error*

Where a motion to suppress makes broad arguments and otherwise fails to bring the specific matter to the trial court's attention that an appellant later seeks to raise on appeal, error is not preserved. *See Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009). Moreover, when considering an argument on a motion to suppress, a complaint that could, in isolation, be read to express more than one legal argument generally will not preserve all potentially relevant arguments for appeal. *See id*. Only when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved. *Id*. Thus, because appellate contentions must comport with specific assertions made in a motion to suppress, an appellant fails to preserve error when she files a motion to suppress arguing one legal theory at trial and then asserts a different legal theory on appeal. *Rothstein v. State*, 267

S.W.3d 366, 373 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd); *see also* TEX. R. APP. P. 33.1.

In her second issue, Appellant argues that Shepherd's search was not a valid inventory search or a search incident to arrest. Appellant failed to preserve these arguments because she did not raise them in her motion to suppress or during the hearing thereon. *See Resendez*, 306 S.W.3d at 313. Therefore, we limit our analysis of Appellant's second issue to whether her statement to Shepherd was induced by improper promises or threats.

*Governing Law and Application*

The State cannot use a statement that was induced by a promise "of such an influential nature that it could cause a defendant to speak untruthfully." *Henson v. State*, 440 S.W.3d 732, 743 (Tex. App.–Austin 2013, no pet.) (quoting *Henderson v. State*, 962 S.W.2d 544, 564 (Tex. Crim. App. 1997)). For a promise to render a statement inadmissible, the promise must be positive for the defendant, made or sanctioned by someone in authority, and of such an influential nature that the defendant would speak untruthfully in response. *See Muniz v. State*, 851 S.W.3d 238, 254 (Tex. Crim. App. 1993). Statements made by a law enforcement officer that a confession sometimes results in leniency is a general statement that does not render a confession involuntary. *See Coleman v. State*, 440 S.W.3d 218, 223 (Tex. App.–Houston [14th Dist.] 2013, no pet.). Statements by a law enforcement officer that it will "go better" if a defendant cooperates with police is a prediction about a future event and not a promise. *Mason v. State*, 116 S.W.3d 248, 260 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd).

Similarly, the State cannot use a statement that was the result of a defendant's will being overcome by law enforcement coercion. *See Miller v. State*, 312 S.W.3d 162, 167 (Tex. App.–Fort Worth 2010, no pet.). The State improperly overcomes a defendant's will when a law enforcement officer's coercive conduct was of such a nature that a statement from a defendant was "unlikely to have been the product of an essentially free and unconstrained choice[.]" *Id*. (quoting *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995)).

Here, Shepherd never made a specific promise to Appellant. He never stated that Appellant would get a specific sentence if she was honest with him. Rather, he stated that it would "be worse" for Appellant to conceal things from him rather than to cooperate with him. Based on our review of the record, it is apparent that Appellant's statement to Shepherd regarding the presence of methamphetamine was not induced by a promise of such an influential

nature that it could cause Appellant to speak untruthfully. *See **Henson***, 440 S.W.3d at 743. Further, there is no indication that Appellant's statement was the result of her will's being overcome by law enforcement coercion. *See **Miller***, 312 S.W.3d at 167. Thus, we conclude that the evidence supports the trial court's finding that Shepherd properly relied upon Appellant's statement that methamphetamine was present in the vehicle and the search of Appellant's vehicle was proper. Therefore, with due deference given to the trial court's ruling, we hold that the trial court did not abuse its discretion in denying Appellant's motion to suppress in this regard. Appellant's second issue is overruled.

## JUDGMENT

When it has the necessary information before it, an appellate court may correct a trial court's written judgment to reflect its oral pronouncement. ***Thompson v. State***, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. *See* TEX. R. APP. P. 43.2.

The written judgment in this case sets forth that there was no first or second enhancement paragraph. Instead, it states that Appellant pleaded "true" to a jurisdictional paragraph and that the trial court found the jurisdictional paragraph to be "true."

The record before us demonstrates that Appellant pleaded "true" to the two enhancement paragraphs in the indictment. The trial court accepted Appellant's pleas of "true." There was no jurisdictional paragraph such as the one referenced in the judgment. Consequently, the judgment must be modified.

## DISPOSITION

We have the necessary information to modify the judgment so that it speaks the truth. *See id*. We, therefore, modify the trial court's judgment to reflect that (1) Appellant pleaded "true" to enhancement paragraphs one and two, (2) the trial court found enhancement paragraphs one and two to be "true," and (3) there was no plea made with regard to the jurisdictional paragraph. Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment ***as modified***.

**BRIAN HOYLE**
Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2015

NO. 12-14-00287-CR

**BRANDEE MICHELLE NICHOLS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0561-14)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant pleaded "true" to enhancement paragraphs one and two, the trial court found enhancement paragraphs one and two "true," and the plea on the jurisdictional paragraph was "none" **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*