# NO. 12-16-00278-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHELLEY GOLDSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Shelley Goldson appeals her conviction for interference with child custody.  In one issue, she contends that the judgment contains an incorrect calculation of court costs. We modify the judgment and affirm as modified.

### BACKGROUND

On January 29, 2015, Appellant entered a plea bargain with the State wherein she agreed to plead "guilty" to the charge of interference with child custody, a state jail felony, in exchange for the State's recommendation of two years deferred adjudication community supervision.  On February 18, Appellant was sentenced to two years deferred adjudication community supervision in accordance with the terms of her plea agreement with the State.  The trial court's written order of deferred adjudication reflects no fine and $289 in court costs.  No appeal was taken from this order.

On August 28, 2016, the community supervision officer informed the court that Appellant failed to report for a random drug test, and the court issued a capias.  Thereafter, the State filed a motion to adjudicate Appellant's guilt.  On September 12, Appellant pleaded "true" to the allegations in the State's motion, and the trial court found Appellant guilty of interference with child custody, revoked her community supervision, and sentenced her to fifteen months of

imprisonment, plus a $2,000 fine. The trial court's written judgment reflects the $2,000 fine and court costs in the amount of $309. The bill of costs, however, reflects that Appellant owes $314 in court costs. This appeal followed.

**COURT COSTS**

In one issue, Appellant contends that the trial court's judgment contains an erroneous calculation of court costs.

**Standard of Review and Applicable Law**

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State,* 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs. TEX. CODE CRIM. PROC. ANN. arts. 42.15 (West Supp. 2016) (when punishment is fine only), 42.16 (West 2006) (when punishment imposed is other than fine); *see Johnson*, 423 S.W.3d at 389. Requiring a defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16; *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *Johnson v. State*, 405 S.W.3d 350, 355 (Tex. App.—Tyler 2013, no pet.).

Claims that challenge the basis for assessed court costs differ from claims that challenge the sufficiency of evidence of guilt to support a conviction. *Johnson*, 423 S.W.3d at 390 (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Court costs are not part of a defendant's guilt or sentence, and they need not be proven at trial. *Id.* Thus, "[courts] review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.* (emphasis added); *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (establishing standard for determining sufficiency of evidence to support conviction).

Furthermore, a defendant must raise issues relating to the original plea proceeding, including evidentiary sufficiency, in a timely appeal taken when deferred adjudication community supervision is first imposed. *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014).

2

**Analysis**

In this case, Appellant argues that the judgment's assessment of $309 in court costs is incorrect because (1) the judgment differs from the order of deferred adjudication, and (2) the bill of costs does not credit any payments made by Appellant towards the amount of court costs owed.

The trial court's order placing Appellant on deferred adjudication assessed $289 in court costs, while the judgment assessed $309 in court costs. Appellant urges this Court to modify the judgment to reflect the "true amount" of court costs as assessed in the original order in the amount of $289 or remand the case to the trial court. To the extent that Appellant's argument can be construed as a challenge to the amount of court costs assessed when she was placed on deferred adjudication community supervision, she failed to appeal from that order. Thus, she is procedurally barred from challenging the amount of court costs assessed in the deferred adjudication order. *See id.* (appellant waived his right to complain about the sufficiency of the evidence to support the portion of court costs contained in the court's order of deferred adjudication when he did not timely appeal the deferred adjudication order).

Additionally, Appellant's argument that she has been denied credit for payments lacks evidentiary support. Appellant provides no citations to the record to support her contention that she paid any court costs. *See* TEX. R. APP. P. 38(i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also* **Ireland v. State**, No. 03-14-00616-CR, 2015 WL 4914982 at *2-3 (Tex. App.—Fort Worth Aug. 12. 2015, no pet.) (mem. op., not designated for publication) (declining to conduct traditional sufficiency review to resolve claim that prior motions to adjudicate supported appellant's position that she made some payments towards court costs, in contrast to bill of costs, and holding a certified bill of costs constituted a sufficient basis for assessment of court costs). Furthermore, our review of the record reveals no evidence establishing that Appellant made any payments towards her court costs. Absent evidence of payments in the record, we are unable to modify the judgment. *See* **Ingram v. State**, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *see also* **Davis v. State**, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd).

The only evidence in the record regarding the outstanding balance of court costs is the certified bill of costs, which states that Appellant owes $314 in court costs. "Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the

3

officer who is entitled to receive payment for the cost, and (3) be certified." ***Petty v. State***, 438 S.W.3d 784, 803 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." ***Johnson***, 423 S.W.3d at 396. In this case, the bill of costs is contained in the certified clerk's record, identifies each cost, and is electronically signed. Appellant does not challenge the validity of any assessed cost. Accordingly, the bill of costs constitutes a sufficient basis for the assessment of court costs in the amount of $314. *See* ***Petty***, 438 S.W.3d at 803; ***Johnson***, 405 S.W.3d at 355; *see also* ***Ireland***, 2015 WL 4914982 at *2-3. Thus, because the record does not support Appellant's contention that the judgment should be modified to reflect $289 in court costs, we overrule her sole issue.

Nevertheless, in contrast to the bill of costs, the judgment awards $309 in courts costs. We have the authority to sua sponte modify a judgment to make the record speak the truth when we have the necessary data and information to do so. ***Ingram***, 261 S.W.3d at 754; ***Davis***, 323 S.W.3d at 198; ***Asberry v. State***, 813 S.W.2d 526, 529-30 (Tex. App.–Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court"); TEX. R. APP. P. 43.2(b). Because the bill of costs, which lists $314 in court costs, is sufficient evidence of the amount of court costs owed, we have the necessary information to modify the judgment.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West Supp. 2016); *see also* ***Johnson***, 405 S.W.3d at 355; ***Ireland***, 2015 WL 4914982 at *2-3. Accordingly, we modify the trial court's judgment and the order to withdraw funds to reflect court costs in the amount of $314. *See* TEX. R. APP. P. 43.2(b); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.001(b); ***Ingram***, 261 S.W.3d at 754; ***Davis***, 323 S.W.3d at 198.

## DISPOSITION

We ***overrule*** Appellant's sole issue, but ***modify*** the trial court's judgment to correctly reflect the court costs assessed in this case by deleting the award of $309 in court costs and

---

[1] The bill of costs includes an arrest fee, a bond fee, clerk's fee, consolidated court fees, courthouse security fee, e-filing fee, indigent defense court cost, judiciary fund county, judiciary fund state, jury service fee, records management fee, records management and preservation fee, technology fee, time payment fee, and warrant fee. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.0045(a), 102.005(a), (f)(1)-(2), 102.011(a)(2), 102.0169(a), 102.017(a), (West 2006 and Supp. 2016); TEX. LOC. GOV'T CODE ANN. §§ 133.102(a)(1), 133.103(a)(1)-(2), 133.105(a)-(b), 133.107(a) (West 2008 and Supp. 2016); TEX. GOV'T CODE ANN. §§ 51.851(d) (West Supp. 2016).

4

replacing it with $314. We further *modify* the trial court's order to withdraw funds by deleting the $309 in court costs and replacing it with $314. Having *modified* the trial court's judgment, we *affirm* as *modified.*

<u>**GREG NEELEY**</u>
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00278-CR**

**SHELLEY GOLDSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1513-14)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to correctly reflect the court costs assessed in this case by deleting the award of $309 in court costs and replacing it with $314. We further **modify** the trial court's order to withdraw funds by deleting the $309 in court costs and replacing it with $314; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*