# NO. 12-07-00203-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN RAY INGRAM,*<br>*APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Steven Ray Ingram appeals his conviction for burglary of a habitation. In two issues, Appellant argues that the trial court reversibly erred by denying his request to submit a mistake of fact instruction to the jury and that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

## BACKGROUND

On November 19, 2006, Appellant burglarized a home in Lindale, Texas. Appellant was arrested and charged by indictment with burglary of a habitation. The indictment also included an allegation that Appellant had previously been convicted of burglary of a building, enhancing the charged offense to a first degree felony. Appellant pleaded true to the enhancement. The jury found Appellant guilty and assessed his punishment at thirty-six years of imprisonment and a $4,000 fine. This appeal followed.

## JURY CHARGE

In his first issue, Appellant asserts that the trial court reversibly erred by failing to submit a

requested mistake of fact instruction to the jury. According to Appellant,

> [a] defendant is entitled to a mistake of fact charge [to the jury] if the mistaken belief of a fact negates an element of the offense and the belief is reasonable. In the [a]ppellant's case[,] he gave a statement in which he claimed he thought that the structure and the personal property were abandoned. His mistaken belief was supported by two police officers who were at the scene and testified that the house appeared abandoned. The failure to include the requested charge caused harm to the [a]ppellant, because it deprived him of [a] key defensive theory, and the conviction should be reversed.

The requested instruction read, in pertinent part, as follows:

> Now, if you believe the [d]efendant was mistaken as to whether or not the structure was a habitation or that the defendant believed the property was abandoned, or both, you are to find him not guilty.

Discussion by counsel at the charge conference shows that the reference to "the property" is in regard to the personal property taken by Appellant from the structure in question.

## Standard of Review and Applicable Law

We review a trial court's decision not to include a defensive issue in a jury charge for an abuse of discretion. *See Love v. State*, 199 S.W.3d 447, 455 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (citing *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000)). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). Further, the trial court's decision will be upheld on appeal if it is correct on any theory of law applicable to the case. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). This principle holds true even where the trial court has given an erroneous legal reason for its decision. *See id.*

"It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. *Id.* It is also settled that an affirmative instruction may be required whether the evidence raising the defensive issue is presented by the State or by the defense. *Id.* at 38 n.2.

2

The general defense of mistake of fact has been codified as section 8.02(a) of the Texas Penal Code. *See Granger*, 3 S.W.3d at 38. Section 8.02(a) provides that

> [i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.

TEX. PENAL CODE ANN. § 8.02(a) (Vernon 2003). "[K]ind of culpability" means "culpable mental state." *Beggs v. State*, 597 S.W.2d 375, 377-78 (Tex. Crim. App. 1980). When an accused creates an issue of mistaken belief as to a culpable mental element of the offense, he is entitled to a defensive instruction on mistake of fact. *Granger*, 3 S.W.3d at 41. The court of criminal appeals has made clear that whether a defendant's belief was reasonable is a fact issue for the jury to decide, not a preliminary consideration for the trial court. *Id.* at 39.

## Habitation

Appellant argues that the trial court erred by failing to give an instruction for the jury to consider evidence that Appellant did not believe the structure he entered was a habitation. We have assumed, without deciding, that sufficient evidence was presented to warrant a mistake of fact instruction if such an instruction was otherwise proper under the law. Therefore, we determine whether such an instruction was otherwise proper.

Appellant has asserted that his belief that the structure in question was not a habitation was relevant to a defense of mistake of fact. For evidence to relate to a mistake of fact defense under section 8.02(a), the mistaken belief asserted must "negate[] the kind of culpability required for the commission of the offense." TEX. PENAL CODE ANN. § 8.02(a). Section 30.02 of the penal code, which sets forth the relevant offense, prescribes the culpable mental state in regard to the actor's purpose for entering the habitation. *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). It does not require a culpable mental state in regard to the habitation element of the offense. *See* TEX. PENAL CODE ANN. § 30.02; *see also Mabra v. State*, 997 S.W.2d 770, 774 (Tex. App.–Amarillo 1999, pet. ref'd) ("The elements of burglary of a habitation are 1) a person 2) without the effective consent of the owner 3) entering a habitation 4) with intent to commit felony or theft."); *Groome v. State*, 957 S.W.2d 919, 920 (Tex. App.–Texarkana 1997, no pet.) ("The elements of burglary of a habitation are 1) a person 2) without the effective consent of the owner 3) enters a habitation 4) with intent to

commit a felony o[r] theft."). Therefore, Appellant's alleged belief that the structure was abandoned did not relate to the culpable mental state to commit the offense. As such, Appellant was not entitled to a mistake of fact instruction regarding his belief that the structure was not a habitation. *See* TEX. PENAL CODE ANN. § 8.02(a); ***Beggs***, 597 S.W.2d at 377-78.[1] The trial court did not abuse its discretion in denying such an instruction. *See **Casey***, 215 S.W.3d at 879.

**Personal Property**

Appellant also claims that the trial court erred by failing to give an instruction regarding Appellant's alleged mistaken belief that the personal property taken had been abandoned. We have assumed, without deciding, that evidence existed of this belief. Therefore, as above, we must determine if such an instruction was otherwise proper.

The word "abandon" means a giving up, a total desertion, an absolute relinquishment. ***Worsham v. State***, 56 Tex. Crim. 253, 260, 120 S.W. 439, 443 (1909); *see **Fender v. Schaded***, 420 S.W.2d 468, 473 (Tex. Civ. App.–Tyler 1967, writ ref'd n.r.e.). Abandonment includes both the intention to forsake or abandon and the act by which such intention is carried into effect. ***Worsham***, 56 Tex. Crim. at 260, 120 S.W. at 443-44; *see **Fender***, 420 S.W.2d at 473. "It is essential, in order to raise the issue of abandonment, that there must be a concurrence of the intention to abandon and an actual relinquishment of the property, so that it may be appropriated by the next comer." ***Worsham***, 56 Tex. Crim. at 260, 120 S.W. at 444; *see **Fender***, 420 S.W.2d at 473.

An individual may abandon his personal property. *See **Worsham***, 56 Tex. Crim. at 260, 120 S.W. at 443-44. Upon abandonment, the property "is no man's property until reduced to possession with intent to acquire title." ***Gregg v. Caldwell-Guadalupe Pick-Up Stations***, 286 S.W. 1083, 1084 (Tex. Comm'n App. 1926, holding approved). Title to such property vests in the first person lawfully reducing the same to possession. *Id.* Therefore, it is possible to take possession of abandoned property without committing a theft or intending to commit a theft. *See* TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2007) ("A person commits an offense if he unlawfully

---

[1] We note that the charge submitted to the jury required it to find that Appellant "intentionally or knowingly enter[ed] a habitation." Because this erroneous requirement was not an element of the offense or necessary to support a conviction, the mere fact that it was included in the jury instructions did not expand the rights of Appellant such that he was entitled to a mistake of fact instruction. *Cf. **Fuller v. State***, 73 S.W.3d 250, 252-53 (Tex. Crim. App. 2002) (addressing evidentiary sufficiency); ***Gollihar v. State***, 46 S.W.3d 243, 251-58 (Tex. Crim. App. 2001) (addressing evidentiary sufficiency).

appropriates property with intent to deprive the owner of property."); TEX. PENAL CODE ANN. § 1.07(a)(35) (Vernon 2003) ("'Owner' means a person who: (A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor; or (B) is a holder in due course of a negotiable instrument.").

Under Texas law, an individual cannot abandon title to real property. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). If a person trespasses onto real property and takes possession of abandoned personal property, such an act is wrongful and no title to the property is created in him. *Gregg*, 286 S.W. at 1085. Instead, title "rests in the owner of the soil, and the wrongdoer is liable for the trespass and for conversion." *Id.*

Here, it is uncontested that Appellant went onto the land and into the structure without permission from the owner. Therefore, even had the personal property taken by Appellant been abandoned, Appellant would not have been lawfully entitled to take possession of it. *See id.* Instead, the owner of the land and structure possessed a greater right to the personal property. *See id.* Consequently, even if Appellant believed the personal property to be abandoned, his mistake was a mistake of law, not a mistake of fact–Appellant intended to take the personal property for himself from the real property of another; he just did not know such a taking was illegal. *See* TEX. PENAL CODE ANN. § 8.03 (Vernon 2003) (governing mistakes of law). The trial court did not abuse its discretion in denying the requested mistake of fact instruction. *See Casey*, 215 S.W.3d at 879.

**Conclusion**

Because the trial court did not abuse its discretion, we overrule Appellant's first issue.

**JUDGMENT**

In his second issue, Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial. The State has joined Appellant in this request. The judgment currently alleges that the indictment contained two enhancement paragraphs and that Appellant pleaded "NOT TRUE" to each. Appellant and the State agree that these allegations are incorrect and agree that the indictment contained only one enhancement paragraph, to which Appellant pleaded true.

5

We have the authority to reform the judgment to make the record speak the truth.  *See Blaylock v. State*, No. 06-07-00090-CR, 2008 WL 2038273, at *8 (Tex. App.–Texarkana May 14, 2008, no pet. h.) (citing *French v. State*, 830 S.W.2d 607[, 609] (Tex. Crim. App. 1992)).  The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2.  Therefore, we sustain Appellant's second issue and modify the judgment to reflect that the indictment contained one enhancement paragraph, to which Appellant pleaded "TRUE."

## DISPOSITION

As *modified*, we *affirm* the judgment of the trial court.


   BRIAN HOYLE   
Justice


Opinion delivered June 18, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


6