# NO. 12-08-00404-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMIE JAMES HANES,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Jimmie James Hanes was convicted of driving while intoxicated. In his sole issue, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with driving while intoxicated, alleged as a third degree felony. Appellant pleaded guilty to the charged offense and true to an enhancement paragraph. The trial court found Appellant guilty of the charged offense and found the enhancement paragraph to be true. The trial court assessed Appellant's punishment at twenty years of imprisonment. This appeal followed.

### JUDGMENT

In his sole issue, Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial. The State has joined Appellant in this request. The judgment currently recites that the State alleged two enhancement paragraphs, Appellant pleaded "TRUE" to each, and the trial court found them to be "TRUE." Appellant and the State agree that these recitations are incorrect. They agree further that Appellant pleaded true to only the first enhancement paragraph

and that the trial court found only that paragraph to be true. As to the second enhancement paragraph, it is agreed that the State abandoned its allegations.

In addition, Appellant and the State agree that the trial court stated on the record that "[w]e will note in the judgment that some type of psychological counseling might be of benefit [to Appellant], since he has indicated that is something he believes he needs." Appellant and the State agree that this was not noted in the judgment and that the judgment should be modified to include such a notation.

We have the authority to reform a judgment to make the record speak the truth. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2. Therefore, we sustain Appellant's issue.

## CONCLUSION

We have sustained Appellant's sole issue. Accordingly, we modify the trial court's judgment to reflect that the State alleged only one enhancement paragraph, to which Appellant pleaded "TRUE." Any reference to a second enhancement paragraph is deleted. We also modify the judgment to include the following notation: "Some type of psychological counseling might be of benefit to Jimmie James Hanes." As modified, we affirm the judgment of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


2