# NO. 12-09-00357-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRENDA SMITH WILLIAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brenda Smith Williams appeals her conviction of possession or transport of certain chemicals with intent to manufacture a controlled substance. In her sole issue, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

## BACKGROUND

On May 30, 2009, Appellant was a passenger in a vehicle that was stopped for speeding. After seeing drug manufacturing items in plain view, the detaining officer made further investigation, which revealed sixty three packs of pseudoephedrine.

Based on the items found during his investigation, the officer arrested Appellant. She was charged with the offense of possession or transport of certain chemicals with intent to manufacture a controlled substance under Texas Health and Safety Code section 481.124. Appellant pleaded guilty to the trial court, pleaded "true" to an enhancement, and elected punishment by jury. After a trial on punishment, the jury assessed Appellant's punishment at life imprisonment. Appellant timely appealed.

In her sole issue, Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial. The State has joined Appellant in this request.

Although the State initially alleged two enhancement allegations, Appellant pleaded "true" to only one of those enhancements. By agreement, the second enhancement allegation had been abandoned by the State prior to the commencement of trial. Nevertheless, the written judgment of the trial court erroneously reflects a plea and finding of "true" to the second alleged "enhancement/habitual paragraph." On the record before us, it is clear that the second enhancement allegation was abandoned by the State and there was neither a plea nor finding of "true" to that allegation.

We have the authority to reform the judgment to make the record speak the truth. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2. Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We have sustained Appellant's sole issue. Accordingly, we modify the trial court's judgment to reflect that the second enhancement allegation was abandoned and there was neither a plea nor finding of "true" to that allegation. As *modified*, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered May 19, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)