NO. 12-09-00357-CR

      

                         IN THE COURT OF APPEALS         

 

            TWELFTH COURT
OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

BRENDA
SMITH WILLIAMS,                        '                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS







MEMORANDUM
OPINION

Brenda Smith
Williams appeals her conviction of possession or transport of certain chemicals
with intent to manufacture a controlled substance.  In her sole issue,
Appellant argues that the trial court’s judgment should be reformed to accurately
reflect the proceedings below.  We modify the judgment and affirm as modified.

 

Background

On May 30, 2009,
Appellant was a passenger in a vehicle that was stopped for speeding.  After
seeing drug manufacturing items in plain view, the detaining officer made
further investigation, which revealed sixty three packs of pseudoephedrine. 

Based on the items
found during his investigation, the officer arrested Appellant.  She was
charged with the offense of possession or transport of certain chemicals with
intent to manufacture a controlled substance under Texas Health and Safety Code
section 481.124.  Appellant pleaded guilty to the trial court, pleaded “true”
to an enhancement, and elected punishment by jury.  After a trial on
punishment, the jury assessed Appellant’s punishment at life imprisonment.  Appellant
timely appealed. 

 

Judgment

In her sole issue,
Appellant asks that we reform the trial court’s judgment to accurately reflect
the proceedings at trial.  The State has joined Appellant in this request. 

Although the State
initially alleged two enhancement allegations, Appellant pleaded “true” to only
one of those enhancements.  By agreement, the second enhancement allegation had
been abandoned by the State prior to the commencement of trial.  Nevertheless,
the written judgment of the trial court erroneously reflects a plea and finding
of “true” to the second alleged “enhancement/habitual paragraph.”  On the
record before us, it is clear that the second enhancement allegation was
abandoned by the State and there was neither a plea nor finding of “true” to
that allegation.

We have the
authority to reform the judgment to make the record speak the truth.  Thompson
v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Ingram v.
State, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.).  The Texas
Rules of Appellate Procedure expressly authorize us to modify the judgment of
the trial court.  Tex. R. App. P.
43.2.  Therefore, we sustain Appellant’s sole issue.

 

Disposition

            We have sustained
Appellant’s sole issue.  Accordingly, we modify the trial court’s judgment to
reflect that the second enhancement allegation was abandoned and there was
neither a plea nor finding of “true” to that allegation.  As modified,
we affirm the judgment of the trial court.

                                                                                                Sam Griffith

                                                                                                        
Justice

 

 

Opinion delivered May 19, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)