# NO. 12-09-00326-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON RAY WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Aaron Williams appeals his conviction of burglary of a habitation. In his sole issue, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with burglary of a habitation under Texas Penal Code section 30.02, a second degree felony. Appellant pleaded guilty to the charged offense. The trial court subsequently found Appellant guilty of the charged offense. The trial court's written judgment reflects that Appellant pleaded "true" to an enhancement and that the court found the enhancement to be "true." The trial court assessed Appellant's punishment at twenty years of imprisonment. This appeal followed.

### JUDGMENT

In his sole issue, Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial. The State has joined Appellant in this request.

The written judgment in the case at bar reflects that Appellant entered a plea of "true" to an alleged enhancement paragraph and that the trial court found that allegation to be "true." However, the indictment on which this case is based does not contain an enhancement paragraph. Moreover, Appellant was not asked to enter a plea to any enhancement paragraph in this case. Finally, when pronouncing Appellant's sentence, the trial court neither made an enhancement finding nor mentioned the existence of an enhancement paragraph.

As a general rule, when an oral pronouncement of sentence and a written judgment differ, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Further, when it has the necessary information before it, an appellate court may correct a trial court's written judgment to reflect its oral pronouncement. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Under the circumstances presented in this case, the record is clear that the written reference to a plea and finding of "true" on an enhancement to Appellant's burglary of a habitation conviction is erroneous. Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We have sustained Appellant's sole issue. Accordingly, we modify the trial court's judgment by deleting the plea and finding of "true" to the nonexistent enhancement paragraph. As *modified*, we *affirm* the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered May 19, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)