NO. 12-09-00326-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

AARON RAY WILLIAMS,                           §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

THE STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







            MEMORANDUM
OPINION

Aaron Williams
appeals his conviction of burglary of a habitation.  In his sole issue,
Appellant argues that the trial court’s judgment should be reformed to
accurately reflect the proceedings below.  We modify the judgment and affirm as
modified.

 

Background

Appellant was
charged by indictment with burglary of a habitation under Texas Penal Code
section 30.02, a second degree felony.  Appellant pleaded guilty to the charged
offense.  The trial court subsequently found Appellant guilty of the charged
offense.  The trial court’s written judgment reflects that Appellant pleaded
“true” to an enhancement and that the court found the enhancement to be “true.”
 The trial court assessed Appellant’s punishment at twenty years of
imprisonment.  This appeal followed.

 

Judgment

In his sole issue,
Appellant asks that we reform the trial court’s judgment to accurately reflect
the proceedings at trial.  The State has joined Appellant in this request. 

The written
judgment in the case at bar reflects that Appellant entered a plea of “true” to
an alleged enhancement paragraph and that the trial court found that allegation
to be “true.”  However, the indictment on which this case is based does not
contain an enhancement paragraph.  Moreover, Appellant was not asked to enter a
plea to any enhancement paragraph in this case.  Finally, when pronouncing
Appellant’s sentence, the trial court neither made an enhancement finding nor
mentioned the existence of an enhancement paragraph. 

As a general rule,
when an oral pronouncement of sentence and a written judgment differ, the oral
pronouncement controls.  Ex parte Madding, 70 S.W.3d 131, 135
(Tex. Crim. App. 2002).  Further, when it has the necessary information before
it, an appellate court may correct a trial court’s written judgment to reflect
its oral pronouncement.  Thompson v. State, 108 S.W.3d 287, 290
(Tex. Crim. App. 2003); Ingram v. State, 261 S.W.3d 749, 754
(Tex. App.–Tyler 2008, no pet.).  The Texas Rules of Appellate Procedure
expressly authorize us to modify the judgment of the trial court.  Tex. R. App. P. 43.2.

Under the
circumstances presented in this case, the record is clear that the written
reference to a plea and finding of “true” on an enhancement to Appellant’s
burglary of a habitation conviction is erroneous.  Therefore, we sustain
Appellant’s sole issue.

 

Disposition

            We have sustained
Appellant’s sole issue.  Accordingly, we modify the trial court’s judgment by
deleting the plea and finding of “true” to the nonexistent enhancement
paragraph.  As modified, we affirm the judgment of
the trial court.

 

                                                                                                Sam Griffith

                                                                                                        
Justice

 

 

Opinion delivered May 19, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)