# NO. 12-11-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES NETHERLAND,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Netherland appeals his conviction for delivery of a controlled substance in a drug free zone. In his sole issue on appeal, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

### BACKGROUND

In 2010, Appellant was arrested and indicted for the offense of delivery of a controlled substance in a drug free zone, a second degree felony as charged.[1] Specifically, Appellant sold methamphetamine to an undercover police officer in a school zone at Hogg Middle School in Tyler, Texas. In March 2011, Appellant executed a "Stipulation of Evidence" in which he stipulated to the necessary facts establishing his guilt and also made an open plea of "guilty" to the trial court. After finding Appellant guilty of the charged offense, the trial court held a punishment hearing in April 2011 and sentenced Appellant to ten years of imprisonment. This appeal followed.

### JUDGMENT

Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial. The State has joined Appellant in this request.

During the trial court's punishment hearing, the trial court stated as follows:

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(c), 481.134(c) (Vernon 2010).

> The Court's not going to assess a maximum sentence. I think 10 years is adequate for purposes of what I hope will happen. I will make an affirmative finding that you would benefit from drug treatment. . . . The court's not going to assess a fine.

However, the trial court's written judgment does not reflect the recommendation that it made in its oral rendition of judgment that Appellant be placed in a treatment program.

A defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp. 2010). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement generally controls. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Further, when it has the necessary information before it, an appellate court may correct a trial court's written judgment to reflect its oral pronouncement so that the record speaks the truth. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Under the circumstances presented in this case, the record is clear that the trial court recommended that Appellant complete drug treatment while serving his sentence. Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We have sustained Appellant's sole issue. Accordingly, we *modify* the trial court's judgment to reflect that the trial court recommended drug treatment while Appellant is incarcerated. As *modified*, we *affirm* the judgment of the trial court.

### SAM GRIFFITH
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)