# NO. 12-17-00038-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH PIERCE,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kenneth Pierce appeals his conviction for driving while intoxicated. In two issues, he contends the judgment should be modified to correct an error in the judgment and to omit unconstitutional court costs. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with driving while intoxicated, third or more. He pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" and sentenced him to imprisonment for life. This appeal followed.

## ERROR IN JUDGMENT

In his first issue, Appellant contends the judgment incorrectly reflects that he pleaded "guilty" and should be modified to reflect a plea of "not guilty." At trial, Appellant pleaded "not guilty" and the trial court's charge instructed the jury that Appellant pleaded "not guilty." However, the judgment states that Appellant pleaded "guilty." Therefore, the judgment is incorrect. The State concedes that the judgment should be modified to reflect the correct plea.

We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so. *Ingram v. State*, 261 S.W.3d 749, 754

(Tex. App.—Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd).  Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment.  TEX. R. APP. P. 43.2(b).  In this case, we have the necessary data and information to modify the judgment to reflect that Appellant pleaded "not guilty" to the charged offense.  *See id.*; *see also* ***Bigley v. State***, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); ***Asberry v. State***, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).  We sustain Appellant's first issue.

COURT COSTS

In his second issue, Appellant argues that this Court should modify the trial court's judgment to remove unconstitutional court costs.

## Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case."  ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).  The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony.  TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2016).  The money received is divided among a variety of state government accounts according to percentages dictated by the statute.  *See id.* § 133.102(e) (West Supp. 2016); ***Salinas v. State***, No. PD–0170–16, 2017 WL 915525, at *1 (Tex. Crim. App. Mar. 8, 2017).  The court of criminal appeals has held the statute unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation."  *See* ***Salinas***, 2017 WL 915525, at *1.  As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts.  *Id.*  The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if the petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in ***Salinas*** issues.  *Id.* at *6.

## Analysis

Here the final judgment shows a court cost assessment of $389.  The bill of costs shows that the $133 consolidated fee was assessed.  However, because (1) no petition for discretionary

review is pending on Appellant's claim, and (2) the proceedings in the trial court ended on January 25, 2017—prior to the court of criminal appeals's decision in *Salinas*—the court's holding in that case does not apply. *See id.* Accordingly, we overrule Appellant's second issue.

### DISPOSITION

Having sustained Appellant's first issue and overruled his second issue, we *modify* the judgment to replace "Guilty" with "Not Guilty" in the "Plea to Offense" portion of the judgment, and *affirm* the trial court's judgment as modified.

**GREG NEELEY**
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-17-00038-CR**

**KENNETH PIERCE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0267-16)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to replace "Guilty" with "Not Guilty" in the "Plea to Offense" portion of the judgment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*