# NO. 12-17-00209-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUBEN HERNANDEZ, JR.,* <br> *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ruben Hernandez Jr. appeals his conviction for burglary of a habitation. In two issues, Appellant contends the judgment should be modified to omit certain court costs. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation with intent to commit a theft. He pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" and sentenced him to imprisonment for ten years. This appeal followed.

## COURT COSTS

In his first issue, Appellant argues that this Court should modify the trial court's judgment to remove the court costs associated with DNA testing. In his second issue, he contends this Court should modify the judgment to omit unconstitutional court costs.

### Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Therefore, we review the assessment of

court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Id.*

**The $250 DNA Testing Fee**

Chapter 102 of the Texas Code of Criminal Procedure governs costs to be paid by convicted defendants. Article 102.020(a)(1) requires a person convicted of an offense listed in section 411.1471(a)(1) of the Texas Government Code to pay a court cost of $250.00 for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(1) (West Supp. 2017); TEX. GOV'T CODE ANN. § 411.1471(a)(1) (West Supp. 2017). In this case, Appellant contends that because he was not convicted of an offense enumerated in section 411.1471(a)(1) of the government code, the $250 cost for DNA testing was improperly assessed against him. The State agrees, and so do we.

According to the judgment and attached withdrawal order, Appellant owes $479 in court costs. The bill of costs demonstrates that this amount includes the $250 DNA testing fee. However, Appellant was convicted of burglary of a habitation with intent to commit theft under section 30.02(c)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West Supp. 2017). Section 30.02 is not listed as one of the offenses to which Texas Government Code section 411.1471(a)(1) applies. TEX. GOV'T CODE ANN. § 411.1471(a)(1). Therefore, the $250 fee for DNA testing was improperly assessed.

We have the authority to modify an incorrect judgment to make the record speak the truth when we have the necessary data and information to do so. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd). Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. TEX. R. APP. P. 43.2(b). Because we have the necessary data and information, we conclude that the judgment should be modified to delete the $250 DNA testing fee. Thus, we sustain Appellant's first issue.

**Unconstitutional Court Costs**

The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony. TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2017). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id.* § 133.102(e) (West Supp. 2017); *Salinas v. State*, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017). The court of criminal appeals has held the statute

unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See Salinas*, 523 S.W.3d at 105. As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *Id.* The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if the petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in *Salinas* issues. *Id.* at 113.

Here, the final judgment shows a court cost assessment of $479. The bill of costs shows that the $133 consolidated court cost fee was assessed. Appellant contends the fee should be reduced to $119.93 to reflect omission of the fees for "abused children's counseling" and an account for "comprehensive rehabilitation." However, because (1) no petition for discretionary review is pending on Appellant's claim, and (2) the proceedings in the trial court ended on June 12, 2017—prior to the court of criminal appeals's mandate in *Salinas*—the court's holding in that case does not apply and Appellant is not entitled to the requested reduction of the consolidated court cost fee. *See id.; see also Salinas v. State,* No. PD–0170–16 (Tex. Crim. App. June 30, 2017) (mandate). Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having sustained Appellant's first issue and overruled his second issue, we *modify* the judgment, along with its attached order to withdraw funds, to reflect that Appellant's court costs are $229. We *affirm* the judgment *as modified*.

**GREG NEELEY**
Justice

Opinion delivered March 7, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 7, 2018**

**NO. 12-17-00209-CR**

**RUBEN HERNANDEZ, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0427-15)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant's court costs are $229.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*