# NO. 12-17-00289-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANGELIA DESHEA STEELE,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Angelia Steele appeals her conviction for possession with intent to deliver. In a single issue, she contends the judgment should be modified to reflect the correct offense. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance with intent to deliver. Pursuant to a plea agreement, she pleaded "guilty" and was placed on ten years deferred adjudication community supervision. The State later filed a motion to adjudicate guilt, which included a request to revoke Appellant's community supervision. Appellant pleaded "true" to the allegations that she violated the terms of her community supervision. Following a hearing, the trial court found that the allegations were "true," revoked Appellant's community supervision, and sentenced her to imprisonment for fifteen years. This appeal followed.

### ERROR IN JUDGMENT

In her sole issue, Appellant contends the judgment incorrectly reflects that she was convicted of manufacture and delivery of a controlled substance instead of possession of a controlled substance with intent to deliver. Appellant was charged by indictment with

"possession of controlled substance with intent to deliver," to which she pleaded "guilty." However, the judgment states that Appellant was convicted of manufacture or delivery of a controlled substance in an amount greater than or equal to four hundred grams. Therefore, the judgment is incorrect. The State concedes that the judgment should be modified to reflect the correct charge.

We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd). Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. TEX. R. APP. P. 43.2(b). In this case, we have the necessary data and information to modify the judgment to reflect that Appellant was charged with possession of a controlled substance with intent to deliver. *See id.*; *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the judgment to replace "man del cs pg 1>=400G" with "possession of controlled substance with intent to deliver" in the "offense" portion of the judgment, and *affirm* the judgment as modified.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2018**

**NO. 12-17-00289-CR**

**ANGELIA DESHEA STEELE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1493-07)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to replace "man del cs pg 1>=400G" with "possession of controlled substance with intent to deliver" in the "offense" portion of the judgment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*