# NO. 12-18-00087-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMANDA DENISE HUMPHREYS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Amanda Humphreys appeals her conviction for endangering a child. In one issue, she argues the trial court erred because the judgment of conviction incorrectly reflects the statute under which she was convicted. We affirm as modified.

### BACKGROUND

On April 25, 2015, Appellant and her boyfriend fell asleep in their bed with Appellant's eight month old son, Jayden. Appellant awoke to find Jayden dead. Appellant later admitted to law enforcement that she ingested unprescribed pain killers prior to falling asleep with Jayden in bed. Her boyfriend admitted that he and Appellant used heroin before falling asleep in bed with Jayden. Law enforcement discovered drug paraphernalia in the bedroom where Jayden died, including needles, syringes, and a spoon with burn marks and residue.

The medical examiner was unable to determine Jayden's exact cause of death, but opined it was a case of sudden infant death with co-sleeping with an adult as a risk factor.

Appellant was charged with endangering a child by possessing and consuming heroin and possessing needles in the proximity of Jayden, a state jail felony. The State alleged that Appellant had two previous state jail felony convictions, enhancing the punishment range to two to ten years imprisonment. Appellant pleaded "not guilty" and the case proceeded to a jury trial. The jury

found Appellant "guilty." Appellant pleaded "true" to the State's enhancement allegations and the trial court sentenced her to imprisonment for ten years.

## JUDGMENT MODIFICATION

In her sole issue, Appellant argues that the trial court erred by listing Section 22.041(e) as the applicable statute for the charged offense on the written judgment of conviction. Appellant contends the judgment should reflect Section 22.041(c) as the statute under which she was convicted. The State concedes and agrees that the judgment should be modified.

Section 22.041(e) of the Texas Penal Code prohibits an actor from abandoning a child under circumstances that a reasonable person would believe would place the child in imminent danger. TEX. PENAL CODE ANN. § 22.041(e) (West 2011). Section 22.041(c) prohibits an actor from engaging in conduct that places a child in imminent danger. *Id.* § 22.041(c).

The indictment in this case states that Appellant

> did then and there intentionally, knowingly, recklessly, or with criminal negligence, engage in conduct that placed Jayden Humphreys, a child younger than 15 years of age, in imminent danger of death, bodily injury, or physical or mental impairment, by possession and consumption of heroin and by possession of new and used hypodermic needles in the proximity of the child, and the defendant did not voluntarily deliver the child to a designated emergency infant care provider under Section 262.302 of the Texas Family Code.

It is clear from the indictment that Appellant was charged with violating Section 22.041(c). Further, the record shows that Appellant was convicted and sentenced for endangering a child, not abandoning a child. We further note that the judgment reflects the offense is a third degree felony. However, an offense under Section 22.041(c) is a state jail felony. *Id.* § 22.041(f) ("An offense under Subsection (c) is a state jail felony"). Appellant's punishment range was enhanced to a third degree felony range by reason of her two previous state jail felony convictions. *Id.* § 12.425(a) (West Supp. 2018). Thus, we sustain Appellant's sole issue.

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. 1978); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the trial court's judgment should be modified. Therefore, we modify the judgment and delete "Section 22.041(e)" and

replace it with "Section 22.041(c)." *See* TEX. R. APP. P. 43.2(b); *see also* **Brewer**, 572 S.W.2d at 723; **Ingram**, 261 S.W.3d at 754; **Davis**, 323 S.W.3d at 198. Further, we modify the judgment and delete "third degree felony" and replace it with "state jail felony enhanced to a third degree felony." *See* TEX. R. APP. P. 43.2(b); *see also* **Brewer**, 572 S.W.2d at 723; **Ingram**, 261 S.W.3d at 754; **Davis**, 323 S.W.3d at 198.

## CONCLUSION

Having *sustained* Appellant's sole issue, we *modify* the trial courts' judgment by deleting "Section 22.041(e)" and replacing it with "Section 22.041(c)." We further *modify* the trial court's judgment by deleting "third degree felony" and replacing it with "state jail felony enhanced to a third degree felony." We *affirm* the trial court's judgment as *modified*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 6, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 6, 2019**

**NO. 12-18-00087-CR**

**AMANDA DENISE HUMPHREYS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0745-17)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** by deleting "Section 22.041(e)" and replacing it with "Section 22.041(c)." We further **modify** the trial court's judgment by deleting "third degree felony" and replacing it with "state jail felony enhanced to a third degree felony." We **affirm** the trial court's judgment as **modified**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*