# NO. 12-20-00213-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSEPH LEE ESCOBAR,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Joseph Lee Escobar appeals the revocation of his community supervision. In a single issue, he contends the judgment should be modified to correct an error. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

In November 2016, Appellant was charged by indictment with possession of a controlled substance, methamphetamine, in an amount less than one gram. In February 2018, a jury found Appellant guilty as charged in the indictment. The trial court assessed punishment at two years confinement. However, the trial court suspended the sentence and placed Appellant on community supervision for four years.

In February 2020, the State filed a motion to revoke Appellant's community supervision alleging that he violated certain terms and conditions thereof. At the hearing on the motion to revoke, Appellant pleaded "not true" to the allegations in the State's motion. At the conclusion of the hearing, the trial court found five of the allegations to be "true" and five allegations "not true." The trial court revoked Appellant's community supervision and sentenced him to two years confinement. This appeal followed.

## ERROR IN JUDGMENT

In his sole issue, Appellant contends the judgment incorrectly reflects that his sentence is to run "concurrently with 19CR-063." The record includes no information about cause number 19CR-063, including whether Appellant is a named defendant. Therefore, this statement in the judgment is incorrect.

We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. TEX. R. APP. P. 43.2(b). In this case, we have the necessary data and information to modify the judgment to reflect that Appellant's sentence should not run concurrently with another cause. *See id.*; *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the judgment to delete "shall run concurrently with CR19-063," and *affirm* the judgment as modified.

GREG NEELEY
Justice

Opinion delivered August 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 18, 2021**

**NO. 12-20-00213-CR**

**JOSEPH LEE ESCOBAR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No. 16CR-192)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete "shall run concurrently with CR19-063;" in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*