# NO. 12-22-00200-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELWIN DABNEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kelwin Dabney appeals the trial court's order revoking his deferred adjudication community supervision for the offense of prohibited item in a correctional facility. In one issue, he argues that the trial court's judgment contains certain clerical errors that require this Court to reform the judgment. We modify the judgment, and affirm the judgment as modified.

## BACKGROUND

Appellant was indicted for two counts of possession of a prohibited substance in a correctional facility in Anderson County, Texas, alleged to have been committed on or about the 12th day of June, 2014.[1] The indictment contained enhancement allegations, which if proven, elevated the punishment range from a third degree felony, punishable by not less than two nor more than ten years of imprisonment, to a second degree felony, punishable by not less than two nor more than twenty years of imprisonment.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 38.11(j) (West Supp. 2022) ("A person commits an offense if the person, while confined in a correctional facility, possesses a cellular telephone or other wireless communications device or a component of one of those devices.").

[2] *See id.* §§ 12.33 (West 2019) (second degree felony punishment),12.34(a) (West 2019), (third degree felony punishment), 12.42(a) (West 2019) (...if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony...on conviction the

Appellant entered a plea agreement with the State wherein he agreed to plead "guilty" to one count in exchange for the State's recommendation of ten years deferred adjudication community supervision with a $1,500 fine and a dismissal of the second count in the indictment and another pending charge. On June 24, 2016, Appellant entered his plea of "guilty" and the trial court followed the State's recommendation, deferred a finding of guilt, and placed Appellant on community supervision for a period of ten years with a fine of $1,500 along with other terms and conditions. The State filed motions to dismiss count two of the indictment and the other pending case, which the trial court signed and ordered dismissed.

In March 2017, the State filed a motion to adjudicate Appellant's guilt, and alleged Appellant committed numerous violations of his community supervision. Appellant was released on a surety bond pending a hearing on the State's motion and absconded. Thereafter, the surety asked the trial court to be released from the bond and surrender Appellant because Appellant failed to report weekly and reply to mail correspondence. A warrant was issued for Appellant's arrest and he was brought before the trial court on June 10, 2022 for a hearing on the State's amended motion to adjudicate guilt.

Appellant pleaded "true" to committing the offense of resisting arrest while on community supervision, failing to report, failing to pay supervision fees, failing to pay court costs and the fine, and failing to pay the "crime stoppers" fee (allegations one, four, twenty, twenty-one, and twenty-two, respectively). He pleaded "not true" to failing to report a change of address to his community supervision officer and failing to perform community service (allegations six and fifteen, respectively).

After accepting Appellant's pleas of "true" and "not true," the trial court heard evidence, including the testimony of witnesses called by both the State and the defense. At the conclusion of the hearing, the trial court found all the allegations in the State's application to be "true," found Appellant "guilty" of the charged offense, and sentenced him to eight years of imprisonment. This appeal followed.

---

defendant shall be punished for a felony of the second degree."), 38.11(g) ("An offense under this section is a felony of the third degree").

## ERRORS IN THE JUDGMENT

In one issue, Appellant argues that the trial court's judgment adjudicating guilt contains certain clerical errors and prays this Court reform the judgment to make it speak the truth. Specifically, Appellant argues that the judgment

> Incorrectly states the date of the charged offense as February 13, 2013, when the offense was committed on June 12, 2014.
>
> Incorrectly states that Appellant entered pleas of "true" to allegations six and fifteen, when he actually pleaded "not true" to those allegations at the hearing.
>
> Incorrectly states that Appellant entered into a plea bargain with the State for eight years of imprisonment, when in fact, the Appellant and the State had no such agreement, and the sentencing was left to the discretion of the trial court.

We have reviewed the record and conclude that Appellant is correct in his assertions.

We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Moreover, Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. TEX. R. APP. P. 43.2. In this case, the clerk's record and reporter's record provide this Court with the necessary data and information to modify the judgment to reflect that Appellant committed the offense on June 12, 2014, pleaded "true" to allegations one, four, twenty, twenty-one, and twenty-two and "not true" to allegations six and fifteen, and the case was not a plea bargain. *See id.*; *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the judgment to delete "February 13, 2013" as the Date of Offense and replace it with "June 12, 2014." We further *modify* the judgment to delete "true" under the Plea to Motion to Adjudicate and enter the correct pleas of "true to allegations one, four, twenty, twenty-one, and twenty-two" and "not true to allegations six and fifteen." Finally, we *modify* the Terms of Plea Bargain to delete "In exchange for his plea of true to the allegations set forth in the Motion to Adjudicate (and all amendments thereto),

the Defendant would be sentenced to a term of Eight (8) years in the Texas Department of Criminal Justice—Institutional Division with credit" and replace it with "no plea bargain."  We *affirm* the judgment as *modified*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 9, 2022**

**NO. 12-22-00200-CR**

**KELWIN DABNEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-16-32,681)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete "February 13, 2013" as the Date of Offense and replace it with "June 12, 2014." We further *modify* the judgment to delete "true" under the Plea to Motion to Adjudicate and enter the correct pleas of "true to allegations one, four, twenty, twenty-one, and twenty-two" and "not true to allegations six and fifteen." We further *modify* the Terms of Plea Bargain to delete "In exchange for his plea of true to the allegations set forth in the Motion to Adjudicate (and all amendments thereto), the Defendant would be sentenced to a term

of Eight (8) years in the Texas Department of Criminal Justice—Institutional Division with credit" and replace it with "no plea bargain."; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*