# NO. 12-17-00231-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY PAUL MCLEOD,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Larry Paul McLeod appeals his conviction for burglary of a building. In two issues, Appellant argues that the evidence is insufficient to support his conviction and the assessment of court costs against him. We modify and affirm as modified.

## BACKGROUND

Margie Wurm stored several items in a unit of a U-Haul storage building in Smith County, Texas. Wurm installed a padlock on the door of her unit to protect her belongings. U-Haul monitored the area through the use of both staff and video. Wurm did not provide consent to anyone to enter her unit or to take her belongings from it.

Despite these precautions, someone broke into Wurm's storage unit. James Tidwell was the field maintenance technician for U-Haul who helped monitor the facility. He discovered that the latch used to lock Wurm's unit had been cut and the door to the unit was left halfway open. Assuming that some of Wurm's property had been taken, Tidwell notified John Priebe, the general manager of U-Haul facilities in Smith County. Priebe notified Wurm, who went to the facility, inspected the unit, and confirmed that some of her belongings were missing.

Priebe reviewed video surveillance footage taken by U-Haul at the facility. Appellant's pickup truck is seen entering and leaving the facility. The footage shows that the bed of

Appellant's truck contained more boxes and materials when it left the facility than when it arrived. Also, Priebe observed that the individual who appeared to be operating Appellant's truck possessed bolt cutters. The record reflects that Appellant did not lease a unit at the U-Haul facility.

Smith County Sheriff's Office Property Crimes Detective Greg Edmonds initiated the investigation of the burglary of Wurm's storage unit. He identified the vehicle in the surveillance video as Appellant's pickup truck. He later transferred the case to Smith County Sheriff's Detectives Josh Hill and Sherman Dollison. Hill and Dollison interviewed Appellant, and he admitted that it was his vehicle on the surveillance video and that he was at the U-Haul facility at the time in question. However, Appellant claimed that the items visible in the bed of his pickup truck when he was leaving the facility merely consisted of empty boxes.

Appellant was charged by indictment with burglary of a building[1] and pleaded "not guilty." The matter proceeded to trial, at which a jury found Appellant "guilty" as charged. At his sentencing hearing, Appellant then pleaded "true" to two prior felony allegations, which enhanced his punishment range to that of a second degree felony.[2] Following the presentation of evidence, the jury assessed Appellant's punishment at imprisonment for twenty years. The trial court sentenced Appellant accordingly, and this appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends that the evidence is insufficient[3] to support his conviction for burglary.

**Standard of Review and Applicable Law**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the

---

[1] TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (West Supp. 2017).

[2] *Id*. § 12.425(b) (West Supp. 2017).

[3] Appellant contends that the evidence is legally and factually insufficient to support his conviction. However, the Texas Court of Criminal Appeals has ruled that the legal sufficiency standard is the only standard applied in determining whether a conviction is supported by sufficient evidence. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson v. Virginia***, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed.2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **id.***, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. ***Id.*** A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See **Dewberry v. State***, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also **Brooks***, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See **Brooks***, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." ***Id.***

3

In accordance with the charges against Appellant, the State was required to prove that Appellant intentionally or knowingly entered a building or a portion of a building not then open to the public without the effective consent of the owner and Appellant either (1) intended to commit theft or (2) committed or attempted to commit theft, specifically of tools. *See* TEX. PENAL CODE ANN. § 30.02(a).

**Analysis**

At trial, the State alleged that Appellant committed burglary in two ways—by entering a building not then open to the public with the intent to commit theft and by entering a building not then open to the public and attempting to commit or committing theft.

The State presented strong evidence that Appellant committed burglary of a building by entering Wurm's storage unit with the intent to commit theft. The evidence demonstrated that Appellant was at the U-Haul facility with his pickup truck and bolt cutters. It further reflected that Wurm's unit was opened by someone using something such as bolt cutters to cut through the latch. The evidence indicated that some of Wurm's property was taken and that Appellant was seen leaving the U-Haul facility with more items in his truck than when he entered the facility. Further still, the record reflects that Appellant did not lease a storage unit from the facility.

On the other hand, the evidence that Appellant committed burglary of a building by entering Wurm's storage unit and taking or attempting to take her tools was not strong. Wurm stated that the tools in the storage unit were located in a large red toolbox. This red toolbox was not visible in Appellant's truck. Further, the individuals who watched the surveillance video of the area did not observe Appellant's taking a large red toolbox from Wurm's unit.

Appellant argues that the State failed to present sufficient evidence that he stole tools from Wurm. While there is validity to this argument, it is inconsequential because the State presented sufficient evidence that Appellant entered a building not then open to the public with the intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1). Thus, having considered the evidence in the light most favorable to the prosecution, we conclude that a rational factfinder could have found, beyond a reasonable doubt, that Appellant committed burglary of a building. Accordingly, we hold that the evidence is legally sufficient to support Appellant's conviction. *See **Brooks***, 323 S.W.3d at 899; ***Nguyen***, 1 S.W.3d at 697. Appellant's first issue is overruled.

4

In his second issue, Appellant contends that the trial court improperly assessed a court cost against him of $250.00 for DNA testing. The State concedes that the trial court erred in assessing this court cost against Appellant.

**Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Id.*

Chapter 102 of the Texas Code of Criminal Procedure governs costs to be paid by convicted defendants. Article 102.020(a)(1) requires a person convicted of an offense listed in Section 411.1471(a)(1) of the Texas Government Code to pay a court cost of $250.00 for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(1) (West Supp. 2017); TEX. GOV'T CODE ANN. § 411.1471(a)(1) (West Supp. 2017). In this case, Appellant contends that because he was not convicted of an offense enumerated in Section 411.1471(a)(1) of the government code, the $250.00 cost for DNA testing was improperly assessed against him. We agree.

According to the judgment and attached withdrawal order, Appellant owes $479.00 in court costs. The bill of costs demonstrates that this amount includes the $250.00 DNA testing fee. However, Appellant was convicted of burglary with intent to commit theft under section 30.02(c)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 30.02(c)(1). Section 30.02(c)(1) is not listed as one of the offenses to which Texas Government Code, section 411.1471(a)(1) applies. *See* TEX. GOV'T CODE ANN. § 411.1471(a)(1). Therefore, the $250.00 fee for DNA testing was improperly assessed.

We have the authority to modify an incorrect judgment to make the record speak the truth when we have the necessary data and information to do so. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. *See* TEX. R. APP. P. 43.2(b). Because we have the necessary data and information, we conclude that the judgment should be modified to delete the $250.00 DNA testing fee. Appellant's second issue is sustained.

## CONCLUSION

We have overruled Appellant's first issue and sustained his second issue. Having done so, we *modify* the trial court's judgment and its attached order to withdraw funds by reducing the amount of court costs from $479.00 to $229.00. We *affirm* the trial court's judgment *as modified*.

BRIAN HOYLE
Justice

Opinion delivered April 11, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 11, 2018

### NO. 12-17-00231-CR

**LARRY PAUL MCLEOD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0446-17)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reduce the amount of court costs listed in the certified bill of costs and attachment for withdrawal of funds from $479.00 to $229.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*